IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INES GONSALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-063-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ines Gonsalez, TDCJ # 01346268, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On January 3, 2006, pursuant to a plea agreement, Gonsalez pled guilty to aggravated sexual assault by threats and placing in fear in the Criminal District Court Number One of Tarrant County, Texas, and received a 30-year sentence. (State Habeas R. at 82) Gonsalez did not directly appeal his conviction. (Pet. at 3) On June 18, 2009, Gonsalez filed an application for writ of habeas corpus in state court challenging his conviction, and raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Gonsalez*, Appl. No. WR-74,691-01. This federal petition for writ of habeas corpus is deemed filed on January 26, 2011.[1] As ordered, Thaler has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Gonsalez did not reply.

## D. Issues

Gonsalez raises seven grounds for relief challenging his 2006 conviction. (Pet. at 7-8 & attachment)

## E. Statute of Limitations

Thaler argues that Gonsalez's federal petition for writ of habeas corpus should be dismissed with prejudice because the petition is time-barred. (Resp't Preliminary Resp. at 1-11) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Gonsalez had for filing a timely notice of appeal on February 2, 2006, and closed one year later on February 2, 2007, absent any

applicable tolling.² *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5ᵗʰ Cir. 1998).

Gonsalez's state habeas application, filed on June 18, 2009, over two years after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5ᵗʰ Cir. 2000). Nor has Gonsalez alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5ᵗʰ Cir. 1998); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5ᵗʰ Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5ᵗʰ Cir. 1999). Gonsalez did not reply to Thaler's preliminary response with a valid reason(s) for his failure to file his petition in a timely manner, and the record reveals none.

Gonsalez's federal petition was due on or before February 2, 2007; thus, his petition filed on January 26, 2011, is untimely.

---

²Thaler argues that the trial court's judgment on Gonsalez's guilty plea became final for purposes of subsection (A) on January 3, 2006, the date the judgment was entered, because Gonsalez waived his right to appeal, among other rights, as part of the plea bargain agreement. (Resp't Preliminary Resp. at 6) A review of relevant cases in this and other districts, however, reveals that under these circumstances the limitations period starts after expiration of the statutory appeal time. *See, e.g., Novak v. Quarterman*, Civil Action No. 4:07-CV-043-Y, slip copy, 2007 WL 1953439, at *3 n.2 (N.D. Tex. June 26, 2007); *Greer v. Quarterman*, Civil Action No. H-06-1742, slip copy, 2007 WL 21402005, at *2 (S.D. Tex. July 24, 2007); *Flournoy v. Director*, Civil Action No. 6:06-CV-555, slip copy, 2007 WL 545684, at *3 (E.D. Tex. Feb. 16, 2007); *Hennington v. Johnson*, Civil Action No. 4:00-CV-0292-A, slip copy, 2001 WL 210405, at *2 (N.D. Tex. Feb. 28, 2001). *But see Rodriguez v. Thaler*, No. 6:09-CV-28, slip copy, 2010 WL 1558622, at * 3 (S.D.Tex. Apr. 15, 2010) (providing the time for seeking direct review expired when the petitioner was sentenced because the record reflected petitioner voluntarily, knowingly, and intelligently waived his right to appeal and "did not engage in the Texas direct review process") (Thaler acknowledges the Fifth Circuit has granted a certificate of appealability (COA) in this case).

## II. RECOMMENDATION

Gonsalez's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 19, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 19, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April __29__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE